UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| JESSICA WILLIAMS, | ) |
|     Plaintiff, | ) CIVIL COMPLAINT ) ) |
| v. | ) ) ) CASE NO. 3:18-cv-188 |
| GENERAL REVENUE CORPORATION, | ) ) ) |
|     Defendant | ) ) **JURY DEMAND** |

## COMPLAINT

Now comes JESSICA WILLIAMS ("Plaintiff"), complaining as to the conduct of GENERAL REVENUE CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*, and Ohio common law.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing within the Southern District of Ohio.

5. Defendant is a third-party debt collector incorporated in Ohio.  Defendant regularly collects upon consumers located in the state of Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. On or about April 18, 2018, Plaintiff began receiving calls to her cellular phone from Defendant.

8. Defendant is attempting to collect upon a student loan debt.

9. Defendant often calls Plaintiff at 11:30 A.M. and 2:30 P.M.

10. Plaintiff has informed Defendant that she is at work during these times, and she has told Defendant not to call at those times.

11. Defendant has continued to call Plaintiff at these inconvenient times, with knowledge that these times are inconvenient to Plaintiff.

12. Defendant has not sent any written notices to Plaintiff regarding the alleged debt.

[ 2 ]

13. On or about April 18, 2018, Defendant called Plaintiff's grandfather. During this phone call, Defendant informed Plaintiff's grandfather that it was attempting to collect a debt from Plaintiff.

14. On or about April 18, 2018, Defendant called Plaintiff's father. During this phone call, Defendant informed Plaintiff's father that it was attempting to collect a debt from Plaintiff.

15. Defendant has sent letters to Plaintiff's father's house regarding Plaintiff's debt, subjecting Plaintiff to humiliation and embarrassment.

16. Defendant has continued to call Plaintiff's father into May 2018.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to humiliation, embarrassment, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, and increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff realleges the paragraphs above as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a student loan debt.

    a. **Violations of FDCPA § 1692c.**

23. The FDCPA, pursuant to 15 U.S.C. § 1692c(a), prohibits a debt collector from communicating with a consumer "at any . . . time or place known . . . to be inconvenient to the consumer."

24. Defendant violated § 1692c when it continued to contact Plaintiff during her working hours after Plaintiff informed Defendant that these times were inconvenient.

25. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits a debt collector from "communicat[ing], in connection with the collection of any debt, with any person other than the consumer, his attorney, [or] a consumer reporting agency."

26. Defendant violated § 1692c(b) when it communicated about Plaintiff's alleged debt with Plaintiff's father and grandfather without Plaintiff's consent.

    b. **Violations of FDCPA § 1692d.**

27. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further

[ 4 ]

prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated § 1692d when it repeatedly called Plaintiff to engage her in conversation.

29. The purpose of these repeated phone calls was to harass and annoy Plaintiff.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct would be harassing to her, particularly those calls placed to Plaintiff while she was at work.

    **c. Violations of FDCPA § 1692g.**

31. The FDCPA, pursuant to 15 U.S.C. § 1692g, mandates that a debt collector shall "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice."

32. Defendant violated 15 U.S.C. § 1692g when it failed to send a written notice to Plaintiff within five days of its initial contact.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

33. Plaintiff realleges the paragraphs above as though fully set forth herein.

34. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

35. Plaintiff is a "person" as defined by R.C. 1345.01(B).

[ 5 ]

36. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

37. Debt collection upon a student loan debt is a "consumer transaction" as defined by R.C. 1345.01(A).

38. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

39. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

40. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, and these opinions have been made available for public inspection. *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03") (PIF # 2653).

41. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

### COUNT III – INVASION OF PRIVACY

42. Plaintiff realleges the paragraphs above as though fully set forth herein.

43. Ohio recognizes a cause of action for invasion of privacy based on "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Sustin v. Fee*, 69 Ohio St.2d 143, 145, 431 N.E.2d 992, 993 (Ohio 1982) (quoting *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (Ohio 1956)).

44. Defendant invaded Plaintiff's privacy and intruded on her solitude and seclusion by intentionally and persistently causing her cellular phone to ring at times the Defendant knew to be inconvenient to Plaintiff.

45. Defendant further invaded Plaintiff's privacy by communicating about her alleged debt with her father and grandfather.

46. These actions caused mental suffering, shame, and humiliation to Plaintiff as they would to a person of ordinary sensibilities.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Awarding Plaintiff $200 in statutory damages and up to $5,000 in noneconomic damages per violation of the CSPA;

f. Awarding Plaintiff attorney fees together with an appropriate multiplier for time expended pursuing her CSPA claims;

g. Awarding Plaintiff damages for the invasion of her privacy rights; and

h. Awarding any other relief this Honorable Court deems just and appropriate.

Dated: May 30, 2018

By: s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Attorney for Plaintiff*

[ 8 ]